## St. L. & S. F. Ry. v. Basham.

RAILROADS: *Killing stock; Negligence.*
    The killing or injuring stock by a railroad train is, under the statutes, presumed to be from negligence; but this may be repelled by proof of due diligence.

APPEAL from *Sebastian* Circuit Court.
Hon. R. B. RUTHERFORD, Circuit Judge.

*W. H. H. Clayton* for Appellant.

All that the law requires is such vigilant watch and lookout as the other duties devolving upon the engineer and fireman will permit. They are not required to keep a constant and uninterrupted lookout. *19 A. & E. Ry Cases, p. 480; 37 Ark., 591, 598.*

The plaintiff was guilty of contributory negligence in permitting the horse to roam in an enclosed field. *5 Otto, 442;*

*101 Mass., 455; 17 Am. Rep., 568; 555 Am. Dec., 663; 36 Id.,. 721; 50 Id., 261; Wood on R. R. Law, 1549, sec. 418; 36 Ark., 41.*

The verdict was contrary to the evidence. All who were eye witnesses testified that there was no negligence. *78 Ky., 621; 41 Ark., 161; 39 Id., 413; 40 Id., 336; 41 Id., 157, 161; 43 Id., 225.* The killing was unavoidable. *41 Ark., 157, 161; 78 Ky., 621; 40 Ark., 336; 19 A. & E. Ry Cases, 497.*

SMITH, J. This was an action for damages against a railway company for killing a horse. The defendant denied any want of due care in the operation of its trains.

The testimony in behalf of the plaintiff proved only the value of the animal; that it was blind or nearly blind of one eye; that it had been turned into a field, which lay on both sides of the railroad track, for the purpose of grazing; and that it had been struck at night by a passing freight train. This was sufficient, under the statute, to raise the presumption of negligence.

But this presumption, which is all that the verdict for the plaintiff has to rest upon, was effectually overturned by the uncontradicted and unimpeached evidence of the engineer, fireman and conductor of the train, the only witnesses of the collision. By them it was shown that the train was running, between 10 and 11 p.m., at a speed of fifteen or eighteen miles an hour; that the headlight of the locomotive was in good order, illuminating the track ahead for a distance of one hundred to one hundred and fifty yards; that the engineer and fireman were keeping a sharp lookout, on account of some obstructions having been recently placed upon the track in that neighborhood; that the horse dashed upon the track fifteen or sixteen feet in front of the engine; that it was discovered as soon as it came upon the track, and could not have been discovered before; that the engineer immediately applied the steam-brakes, but had not time to sound the alarm whistle or

to ring the bell; that the horse seemed to be dazed and bewildered by the headlight and stood facing the engine; that no human agency could have stopped the train before it struck the horse, and that it would have required two hundred yards within which to stop it.

If this testimony is true (and there is no reason to doubt it) the killing was an inevitable accident, and the verdict of the jury was without evidence to support it. The case is like *L. R. & Ft. S. Ry v. Turner, 41 Ark., 161.*

Reversed and remanded for a new trial.